# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

CASTLEMORTON WIRELESS, LLC,

*Plaintiff*

v.

CHARTER COMMUNICATIONS, INC.
AND SPECTRUM MANAGEMENT
HOLDING COMPANY, LLC,

*Defendant.*

**Civil Action No. 6:20-cv-00024-ADA**
**Jury Trial Demanded**

## CHARTER'S RULE 12(b)(6) MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

## <u>**Table of Contents**</u>

I.   Introduction ............................................................................................................... 1

II.  Factual Background .................................................................................................. 1

III.  Legal Standards ........................................................................................................ 2

   A.  Rule 12(b)(6) ......................................................................................................... 2

   B.  Induced Infringement ........................................................................................... 2

IV.  Argument .................................................................................................................. 3

V.  Conclusion ............................................................................................................... 5

## Table of Authorities

**Page(s)**

**CASES**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ......................................................................5

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
   No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................2, 3, 5

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) .............................3

*Ashcroft v Iqbal*,
   556 U.S. 662 (2009) ....................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................2, 3

*Brandywine Commc'ns Tech., LLC, v. CenturyTel Broadband Servs., LLC*,
   No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ......................4

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ........................................................................2

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ..................................................................................3, 4

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-01637-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ..............................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) ........................................................................2

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ..............................2

*Monec Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) ...................................................................5

*Parus Holdings, Inc. v. Apple, Inc. et al.*,
   No. WA 19-CA-432 (Jan. 31, 2020) .....................................................................3

*Parus Holdings, Inc. v. Apple, Inc.*,
   No. 6:19-cv-00432 (W.D. Tex. Feb. 20, 2020) ..........................................................3

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-254-ADA, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6,
    2019) ..................................................................................................................................4

**RULES**

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................................................1, 2

**STATUTES**

35 U.S.C. § 271(b) ..................................................................................................................2

**<u>Table of Exhibits</u>**

| Ex. | Reference |
|:---:|---|
| **Ex. 1** | Tr. of Mot. Hr'g in *Parus Holdings, Inc. v. Apple, Inc. et al.*, No. WA 19-CA-432 (Jan. 31, 2020) |

## I.   INTRODUCTION

Castlemorton Wireless, LLC's ("Castlemorton") Complaint fails to support its assertion that Charter Communications, Inc. and Spectrum Management Holding Company, LLC (collectively, "Charter") induce its customers and/or end users to infringe U.S. Patent No. 7,835,421 (the "'421 Patent"). The Complaint does not support a plausible claim for induced infringement for two independent reasons. Specifically, Castlemorton does not provide evidence of: (1) pre-suit knowledge of the '421 Patent; or (2) specific intent to induce infringement. Instead, Castlemorton relies on nothing more than bare recitations of the elements of those claims. Accordingly, the induced infringement claims should be dismissed.

## II.   FACTUAL BACKGROUND

On January 15, 2020, Castlemorton filed its Complaint alleging that Charter directly and indirectly infringes Claim 6 of the '421 Patent, an independent method claim. For induced infringement, Castlemorton alleges that Charter "has had knowledge of the '421 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Charter knew of the '421 patent and knew of its infringement, including by way of this lawsuit." (ECF No. 1, ¶ 87). Castlemorton did not include any evidence whatsoever that Charter knew of the patent prior to service of the Complaint. Castlemorton also asserts generically that Charter "had knowledge that the inducing acts would cause infringement" and "intended to induce patent infringement by third-party customers and users." (*Id.* at ¶ 88). Castlemorton further states that Charter "provides documentation and training materials that cause customers and end users" to allegedly infringe the '421 Patent, thereby allegedly "specifically intend[ing] to induce infringement." (*Id.*).

Because these allegations fail to satisfy the *Iqbal/Twombly* pleading standard, Charter moves to dismiss Castlemorton's induced infringement claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III.   LEGAL STANDARDS

#### A.   Rule 12(b)(6)

Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations must include "enough factual matter" that, when taken as true, "state a claim to relief that is plausible on its face." *Id.* at 570. "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *1 (W.D. Tex. Nov. 30, 2018) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)). Although factual allegations are taken as true, legal conclusions are given no deference—those matters are left for the court to decide. *See Ashcroft*, 556 U.S. at 678 (holding that while factual allegations are taken as true, this assumption "is inapplicable to legal conclusions.").

#### B.   Induced Infringement

For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the Defendant: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe; and (3) had specific intent to induce the infringement. *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1305 (Fed. Cir. 2006)); *see also* 35 U.S.C. § 271(b). In other words, the Plaintiff "must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent *and knew* that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.,* 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotes omitted) (emphasis added). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as

to the intent of the alleged infringer. *Affinity Labs*, 2014 WL 2892285, at \*7, 21. The specific intent necessary requires more than mere knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.   ARGUMENT

Castlemorton's induced infringement claims fail to meet even the most basic pleading requirements. To adequately plead a claim of induced infringement, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Here, Castlemorton does not support its allegations that Charter (a) knew about the patents before Castlemorton filed suit and (b) had the specific knowledge and intent required for induced infringement. Instead, Castlemorton merely relies upon generalities, boilerplate language, and legal conclusions that are insufficient to establish a claim for induced infringement. Accordingly, Castlemorton's claims of indirect infringement should be dismissed for multiple independent reasons.

First, Castlemorton has not (and cannot) provide any evidence that Charter knew of the patent before Castlemorton filed suit. (*See* ECF No. 1, ¶ 87 (providing evidence only regarding post-suit knowledge)). The law in this district is clear: because Castlemorton has not and cannot support any allegation of pre-suit knowledge, it has not adequately plead inducement. *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at \*3 (W.D. Tex. June 17, 2011) ("To the extent [plaintiff] relies on knowledge of [plaintiff]'s patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement."); *see also Parus Holdings, Inc. v. Apple, Inc.*, No. 6:19-cv-00432 (W.D. Tex. Feb. 20, 2020) (text order granting motion to dismiss without prejudice); Exh. 1 (Tr. of Mot. Hr'g in *Parus Holdings, Inc. v. Apple, Inc. et al.*, No. WA 19-CA-432 (Jan. 31, 2020)) at 51-52 (attorney stating, "My

understanding . . . is your Honor was dismissing indirect infringement . . . in the other cases based on . . . the complaint not being sufficient for knowledge" and the Court answering," I am doing that in the other cases. . . ."); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6, 2019) (dismissing claims of induced infringement for failure to satisfy the knowledge requirement where plaintiff alleged that, *inter alia*, defendant "has had knowledge of the [Asserted] Patent and its infringement . . . at least since the filing of this Complaint"); *Brandywine Commc'ns Tech., LLC, v. CenturyTel Broadband Servs., LLC*, No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968, at *5-7 (M.D. Fla. Jan. 15, 2014) (reporting the state of the law on post-suit knowledge and reasoning that allowing allegations of post-suit knowledge alone "would vitiate the Supreme Court's holding in *Global-Tech*" because the complaint would necessarily provide notice). As a result of its failure to adequately plead pre-suit knowledge of the patents, Castlemorton's induced infringement claim should be dismissed for failing to meet the *Iqbal/Twombly* pleading standard.

Second, Castlemorton failed to adequately plead knowledge of inducement and specific intent, which is a requisite element to establish a claim for induced infringement. Castlemorton recites these elements and makes the bare assertion that Charter "provides documentation and training materials that cause customers and end users . . . to utilize the products in a manner that directly infringe" and that Charter "engaged in such inducement to promote the sales of the Charter '421 Products, *e.g.*, through Charter user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products." (ECF No. 1, ¶ 88). This is insufficient. Castlemorton fails to show how the cited website links and marketing materials purportedly demonstrate that: (1) Charter instructs and encourages third-parties; (2) Charter has knowledge that its customers would commit infringement; or (3) that Charter specifically intended

to induce infringement. *See, e.g., Affinity Labs,* 2014 WL 2892285, at *7-8 ("Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe . . . [its] generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are likewise insufficient.") (citing to *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012)); *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-01637-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement. In no way does the complaint detail *how* an end user would infringe Hypermedia's patents . . . .") (emphasis in original). Thus, even if Castlemorton's factual allegations were accepted as true, they would not meet the requirement for specific intent.

Where a plaintiff's allegations "simply recite[] the legal conclusion that Defendants acted with specific intent" or generically alleges that a defendant acted to "urge, instruct, [and/or] encourage infringement," the plaintiff has failed to adequately plead inducement. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). Thus, on this additional independent basis, Castlemorton's induced infringement claims should be dismissed for failing to meet the *Iqbal/Twombly* pleading standard.

## V.   CONCLUSION

Castlemorton's allegations with respect to induced infringement are unsupported legal conclusions that provide no factual detail regarding the basis for Castlemorton's assertions. Thus, these allegations fail to meet the *Iqbal/Twombly* pleading standard, and Charter respectfully requests that the Court dismiss Castlemorton's claims for induced infringement.


Dated: March 31, 2020

_/s/ Deron R. Dacus_
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

_Counsel for Defendants Charter_
_Communications, Inc. and Spectrum_
_Management Holding Company, LLC_

## <u>CERTIFICATE OF SERVICE FOR FILINGS</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 31, 2020, by causing a copy thereof, to be sent electronically, through the ECF system to the registered participants in this cases, as identified on the Notice of Electronic Filing (NEF).

*/s/ Deron R. Dacus*
Deron R. Dacus